UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NIKOLE BAIN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No.  1:21-cv-03197 (UNA) |
| | ) |
| UNKNOWN PERSONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  Plaintiff has also filed a motion to issue subpoenas, ECF No. 3.  The court will grant the IFP application, dismiss the case for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and pursuant to Fed. R. Civ. P. 8(a), and deny the motion to issue subpoenas.

Plaintiff attempts to bring this action individually and on behalf of her minor child.  *See* Compl. at 1.  She identifies her own address only by a P.O. Box, and sues various unidentified defendants, which fails to meet the requirement of the Local Rules of this court, which state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party."  LCvR 5.1(c)(1).

The complaint is not a model of clarity.  Plaintiff makes passing reference to 18 U.S.C. § 1595 but provides no context or details to explain its invocation.  *See* Compl. at 1.  She also lists multiple other recent cases that she has filed, in this District and several others.  *Id.* at 2.  She then contends that, on December 1, 2021, she was at the Martin Luther King Jr. Memorial Library, working on "trial-preparation material," presumably for some of her other noted existing cases, and saved her materials on a flash drive.  *See id.* at 3.  A few days later, Plaintiff noticed that her

flash drive was missing, and returned to the library to look for it, assisted by a D.C. Metropolitan Police Officer. *See id*. It appears that she was unsuccessful in retrieving the flash drive and, per what she claims was the advice of the Officer, is now attempting to find it by filing multiple applications for subpoenas duces tecum in this court, to be served on the Metro Police and other unknown individuals. *See id*. at 3–6. Plaintiff appears to believe that filing these subpoenas will initiate a police investigation, or some similar inquiry, into the location of her lost and/or stolen flash drive. *See id*. She also demands over $500,000 in damages. *Id.* at 5.

Plaintiff faces several insurmountable hurdles. First, and as noted, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category.

Second, the subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and

the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish diversity jurisdiction because she has failed to identify the residence of the any of the parties, and the identities and locations of any intended defendants are completely unknown. And though Plaintiff has invoked a federal statute, she has failed to plausibly state a claim under that statute based on the allegations presented. It is also entirely unclear what wrongdoing any potential defendants allegedly committed, or why Plaintiff would be entitled to any relief sought. To the extent that Plaintiff seeks to initiate a Metro Police investigation, she must file a lost property report directly with the Metro Police, rather than by filing subpoenas in this court. *See* D.C. Code §§ 5–119 *et. seq.*; *see also* https://mpdc.dc.gov/service/file-police-report-online.

For all of these reasons, plaintiff has failed to comply with Federal Rule 8(a) and has, moreover, failed to establish subject matter jurisdiction. As a result, this case is dismissed without prejudice. Plaintiff's pending motion to issue subpoenas is denied. A separate order accompanies this memorandum opinion.

Date: January 25, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge